**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LESTER H. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-492 |
| | ) | |
| v. | ) | Judge David S. Cercone |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | Re: Doc. No. 4 |
| | ) | |
| Defendant. | ) | |


**REPORT AND RECOMMENDATION**


I.      RECOMMENDATION

        It is respectfully recommended that Defendant's Motion to Dismiss, or in the

Alternative, for Summary Judgment at Doc. No. 4 be granted.


II.     REPORT

        A.      Facts

        Plaintiff, Lester H. Harris ("Plaintiff"), pro se, brings this action pursuant to the

Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA") against Defendant, Department of

Veterans Affairs ("VA").  In his Complaint, Plaintiff avers that on January 31, 1991, while

"hospitalized for a 12-year period from January 4, 1984 to November 6, 1995, . . . plaintiff's

former VA designated spouse-payee Patricia A. Harris refinanced plaintiff's original VA

mortgage (VA Loan No. 11-11-6-0235885)."  (Complaint ¶ 8.)  Plaintiff continues that his

"former VA designated spouse-payee forged his signatures for the refinancing of the plaintiff's

original VA mortgage without plaintiff's knowledge or consent" and that she "diverted $16,300

of monthly mortgage installments, and $5,474,00[sic] of equity from plaintiff's original mortgage for her own personal use."  (Complaint ¶¶ 9-10.)

Plaintiff further avers that on October 16, 2000, he notified the VA, via Congressman Mike Doyle's office, of his ex-wife's alleged fraud and misrepresentation. (Complaint ¶ 11.)  Plaintiff continues that the VA "failed to accord plaintiff due process under the law by not responding to resolve and rectify the fraud and misrepresentation of plaintiff [sic] refinanced mortgage.  Moreover, the governmental agencies acted negligently, and with malfeasance towards plaintiff in the refinancing [sic] plaintiff original VA mortgage." (Complaint ¶ 12.)  Plaintiff also alleges that he "has been denied VA entitlement of $75,000.00 for another VA guaranty loan" by the VA on January 16, 2001.  (Complaint ¶ 16.)  Further, Plaintiff states that he has been denied bank credit cards "due to a credit history of delinquent payments made by plaintiff's former VA designated payee and foreclosure on plaintiff [sic] original VA mortgage."  (Complaint ¶ 17.)  Plaintiff avers that this refinancing of his original VA mortgage has adversely affected him financially "and has had a detrimental effect on plaintiff's ability to obtain another VA home loan or any mortgage."  (Complaint ¶ 18.)

Finally, Plaintiff avers that in June 1995, his former spouse again forged his signature in order to obtain a loan against his VA life insurance.  (Complaint ¶ 19.)  Plaintiff also complains of three other loans obtained by his former spouse with his forged signature. (Complaint ¶ 21.)  Plaintiff avers that he has requested that the VA investigate these loans and that it has failed to do so.  (Complaint ¶¶ 21-23.)  Moreover, Plaintiff states that his "former VA designated spouse-payee did not have the authority . . . to enter into any transaction on the plaintiff's behalf."  (Complaint ¶ 24.)  More specifically, Plaintiff avers that the VA "had a duty

to protect the plaintiff, to determine the nature of the transactions, and to verify signatures."
(Complaint ¶ 25.)

Plaintiff seeks $21, 474.00 "diverted in refinancing Plaintiff's VA mortgage,"
$75,000.00 in punitive damages for "denying plaintiff due process under the law by refusing to
rectify and resolve fraud and misrepresentation of plaintiff's veterans benefits programs," a
waiver of all debt relating to his life insurance policy, and "[r]einstatement of $75,000 VA loan
guaranty entitlement on plaintiff's mortgage."  (Wherefore clause.)


    B.    <u>Legal Standard</u>

In ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to
Federal Rule of Civil Procedure 12(b)(1), the court considers whether the allegations on the face
of the complaint are sufficient to invoke the court's jurisdiction.  Challenges to subject matter
jurisdiction may be facial or factual.  Facial attacks challenge the sufficiency of the pleadings,
and the trial court must accept the allegations of the complaint as true.  Factual attacks, however,
challenge the existence of the trial court's jurisdiction "in fact," and "the trial court is free to
weigh the evidence and satisfy itself as to the existence of its power to hear the case."
<u>Mortensen v. First Federal Savings and Loan Ass'n.</u>, 549 F.2d 884, 891 (3d Cir. 1976).  That is,
the court is not required to accept as true all allegations made in the complaint as in a facial
challenge, "and the existence of disputed material facts will not preclude the trial court from
evaluating for itself the merits of jurisdictional claims."  <u>Id</u>.  <u>See</u> <u>also</u> <u>Gould Electronics, Inc., v.
United States</u>, 220 F.3d 169, 178 (3d Cir. 2000) (citing <u>Mortensen</u>, 549 F.2d at 891).  A court
must dismiss the action if it determines that it does not have subject matter jurisdiction over the

case.  See Trade Around the World v. Shalala, 145 F. Supp.2d 653, 658-59 (W.D. Pa. 2001)

(Ambrose, J.).  Therefore, if a motion to dismiss is based on more than one ground, the court

should consider the subject matter jurisdiction challenge first as a dismissal on this basis will

render the others moot.  L.A. Gold Clothing Co., Inc. v L.A. Gear, Inc., 954 F. Supp. 1068, 1070

(W.D. Pa. 1996).

   In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court is

required to accept as true all allegations made in the complaint and all reasonable inferences that

can be drawn therefrom, and to view them in the light most favorable to the plaintiff.  See Blaw

Knox Ret. Income Plan v. White Consol. Indus., Inc., 998 F.2d 1185, 1188 (3d Cir. 1993); Ditri

v. Coldwell Banker, 954 F.2d 869, 871 (3d Cir. 1992).  The issue is not whether the plaintiff will

ultimately prevail, but rather whether he can support his claim by proving any set of facts that

would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69 (1984).  Dismissal is

appropriate "only if it is clear that no relief could be granted under any set of facts that could be

proven consistent with the allegations."  See Port Authority of New York and New Jersey v.

Arcadian Corp., 189 F.3d 305, 311 (3d Cir. 1999).

   Summary judgment is appropriate if, drawing all inferences in favor of the

nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue of material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  Summary judgment

may be granted against a party who fails to adduce facts sufficient to establish the existence of

any element essential to that party's case, and for which that party will bear the burden of proof

at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial

burden of identifying evidence which demonstrates the absence of a genuine issue of material

fact.  Once that burden has been met, the nonmoving party must set forth "specific facts showing

that there is a <u>genuine issue for trial</u>" or the factual record will be taken as presented by the

moving party and judgment will be entered as a matter of law.  <u>Matsushita Elec. Indus. Corp. v.</u>

<u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis added by

<u>Matsushita</u> Court).  An issue is genuine only "if the evidence is such that a reasonable jury could

return a verdict for the non-moving party."  <u>Anderson v. Liberty-Lobby, Inc.</u>, 477 U.S. 242, 248

(1986).

   Finally, this Court follows the United States Supreme Court directive regarding

<u>pro</u> <u>se</u> plaintiffs, and therefore, construes the Plaintiff's submissions liberally.  <u>See</u> <u>Haines v.</u>

<u>Kerner</u>, 404 U.S. 519 (1972).

   In its Brief in Support of Defendant's Motion to Dismiss, or in the alternative,

Motion for Summary Judgment, Defendant argues the following: 1) This Court lacks subject

matter jurisdiction because Plaintiff's Complaint is barred by the exclusivity provisions of the

Veterans Judicial Review Act; and 2) Plaintiff failed to exhaust his administrative remedies

within the applicable two year limitations period.

   Plaintiff, in opposition to Defendant's Motions, argues the following: 1) Plaintiff

does not respond to Defendant's first argument regarding the exclusivity provisions of the

Veterans Judicial Review Act; and 2) Plaintiff timely filed an administrative claim in his

correspondence to the VA concerning his wife's alleged fraud.

C.      <u>Analysis</u>

1.      <u>Jurisdiction</u>

This Court does not have subject matter jurisdiction over the matters raised in

Plaintiff's Complaint, and consequently, this case should be dismissed with prejudice.  In 1988,

Congress enacted the Veterans Judicial Review Act of 1988, Pub. L. No. 100-687, Tit. III, 102

Stat. 4105, 4113-4122 (codified in sections scattered in 38 U.S.C.) (hereinafter "VJRA").  The

VJRA established a multi-tiered framework for the adjudication of claims regarding veterans

benefits.  <u>See</u> <u>Beamon v. Brown</u>, 125 F.3d 965, 967 (6th Cir. 1997).  First, a claimant must file a

claim for benefits with a regional office of the VA.  <u>Id</u>.  A claimant may appeal this decision

from the regional office to the Board of Veterans' Appeals, which either issues the final decision

of the Secretary, or remands the claim to the regional office for further development and

subsequent appeal.  <u>See</u> 38 U.S.C. 7104.  The Board's decision may be appealed to the United

States Court of Appeals for Veterans Claims (hereinafter "CVA").  38 U.S.C. § 7252(a).  The

CVA, a court created by Congress pursuant to Article I of the United States Constitution, has

exclusive jurisdiction to review decisions of the Board.  38 U.S.C. §§ 7251, 7252(a).  If

challenging the validity or interpretation of a statute or regulation relied upon by the CVA, a

claimant may appeal the decision of the CVA to the United States Court of Appeals for the

Federal Circuit.  <u>See</u> 38 U.S.C. § 7292.  The Federal Circuit has "exclusive appellate jurisdiction

over decisions of the CVA."  <u>Beamon</u>, 125 F.3d at 967.  Consequently, exclusive jurisdiction to

review VA benefits decisions vests with the CVA, thereby depriving a federal district court of

subject matter jurisdiction.  <u>Id</u>. at 970.  <u>See</u> <u>Cheves v. Department of Veterans Affairs</u>, 227 F.

Supp.2d 1237, 1242 (M.D. Fla. 2002).

To this end, 38 U.S.C. § 511(a) provides as follows:

(a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added).  Section 511(b) lists specific statutes exempted from § 511(a).[1]  "Both the text of the [VJRA] and [its] extensive legislative history express Congressional intent to construct an exclusive source of review for veterans benefits claims." Beamon, 125 F.3d at 970.  See also Price v. United States, 228 F.3d 420 (D.C. Cir. 2000) (district court lacked subject matter jurisdiction over veteran's claim that VA unjustifiably denied reimbursement for medical expenses).

Moreover, Plaintiff's averment that Defendant "failed to accord plaintiff due process under the law by not responding to resolve and rectify the fraud and misrepresentation of plaintiff [sic] refinanced mortgage," will not operate to confer jurisdiction.  (Complaint ¶ 12.) Federal courts have repeatedly held that they lack jurisdiction over constitutional challenges to decisions of the VA relating to benefits.  See Zuspann v. Brown, 60 F.3d 1156 (5th Cir. 1995) (district court did not acquire jurisdiction over VA benefits determination where plaintiff characterized challenge as constitutional violation); Sugrue v. Derwinski, 26 F.3d 8, 10 (2d Cir.

___

[1]38 U.S.C. § 511(b) provides as follows:
(b) The second sentence in subsection (a) does not apply to-
(1) matters subject to section 502 of this title;
(2) matters covered by sections 1795 and 1984 of this title;
(3) matters arising under chapter 37 of this title; and
(4) matters covered by chapter 72 of this title.

38 U.S.C. § 511(b).

7

1994) ("[C]ourts do not acquire jurisdiction to hear challenges to benefits decisions merely because those challenges are cloaked in constitutional terms."); Hicks v. Veterans Administration, 961 F.2d 1367, 1370 (8th Cir. 1992) ("These provisions amply evince Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme.").

Instead, 38 U.S.C. §§ 6106 and 6107 are two of the many laws that affect "the provision of benefits by the Secretary to veterans" and are not exempted from the exclusivity of the VJRA in 38 U.S.C. § 511(a).  See 38 U.S.C. § 511(a) & (b).  38 U.S.C. § 6106, entitled "Misuse of benefits by fiduciaries," provides in relevant part as follows:

> (b) Misuse of benefits defined.  For purposes of this chapter [38 U.S.C. §§ 6101 et. seq.], misuse of benefits by a fiduciary occurs in any case in which the fiduciary receives payment, under any of laws administered by the Secretary, for the use and benefit of a beneficiary and uses such payment, or any part thereof, for a use other than for the use and benefit of such beneficiary or that beneficiary's dependents.

38 U.S.C. § 6106 (b).

38 U.S.C. § 6107, entitled "Reissuance of benefits," further provides in part as follows:

> (a) Negligent failure by Secretary.
>  (1) In any case in which the negligent failure of the Secretary to investigate or monitor a fiduciary results in misuse of benefits by the fiduciary, the Secretary shall pay to the beneficiary or the beneficiary's successor fiduciary an amount equal to the amount of benefits that were so misused.
>  (2) There shall be considered to have been a negligent failure by the Secretary to investigate and monitor a fiduciary in the following cases:
> (A) A case in which the Secretary failed to review a fiduciary's accounting within 60 days of the date on which that accounting is scheduled for review.
> (B) A case in which the Secretary was notified of allegations of misuse, but failed to act within 60 days of the date of such notification to terminate the fiduciary.

(C) In any other case in which actual negligence is shown.

38 U.S.C. § 6107 (a).  Section 6106 describes the requirements for dealing with claims of VA fiduciary misuse of veterans benefits, and § 6107 imposes penalties on the VA when it is negligent in the appointment or monitoring of a VA appointed or recognized fiduciary.  The Veterans Administration Procedures Manual specifically provides that the above provisions, effective on December 10, 2004, apply to any misuse determinations made on or after this effective date.  "The date of the actual misuse is immaterial for purposes of the law."  M21-1MR, Part XI, Chapter 5, section A.  That is, there is no statute of limitations for bringing a claim pursuant to these provisions.

Here, Plaintiff avers that Defendant was negligent in failing to protect his interests in permitting his VA designated fiduciary to forge his signature to certain documents to refinance his VA mortgage and to obtain loans against Plaintiff's VA life insurance.  (Complaint ¶¶ 24-25.)  Clearly, Plaintiff's allegations fall squarely within the protections of 38 U.S.C. §§ 6106 and 6107.  Adjudicating these claims would require this Court to second-guess decisions made by the VA and its consideration of factual and legal conclusions concerning Plaintiff's veterans benefits.  Consequently, pursuant to 38 U.S.C. § 511(a), this Court is without subject matter jurisdiction to adjudicate these claims.

After careful consideration of all the allegations of the Complaint, and treating all allegations as true in this facial attack to subject matter jurisdiction, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to Fed. R.Civ. P. 12(b)(1).

2.      Failure to exhaust administrative remedies under the FTCA

This Court need not address Defendant's alternate argument that Plaintiff has failed to exhaust his administrative remedies under the FTCA as it is clear that this Court is without subject matter jurisdiction.  See L.A. Gold Clothing Co., Inc., v. L.A. Gear, Inc., 954 F. Supp. 1068, 1070 (W.D. Pa.) (Standish, J.) (dismissal on basis of subject matter jurisdiction will render dismissal on alternate bases moot).

III.   CONCLUSION

It is respectfully recommended that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment at Doc. No. 4 be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: March 2, 2006

cc: The Honorable David S. Cercone
    United States District Judge

    Lester H. Harris
    P.O. Box 17065
    Pittsburgh, PA 15235-3333
    (412) 371-7931

    Jessica Lieber Smolar
    United States Attorney's Office
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219